United States District Court
Southern District of Texas
**ENTERED**
May 16, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH ANDREW BEACH, TDCJ #2149718, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-19-1278 |
| FORT BEND COUNTY, et al., | § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

State inmate Joseph Andrew Beach (TDCJ #2149718) has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), regarding a state court proceeding against him in Fort Bend County. Because Beach is a prisoner who proceeds in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

# I. Background

Beach is currently in custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as the result of a ten-year prison sentence that he received on July 11, 2017, for aggravated assault on a family member (two counts) in Fort Bend County Cause No. 15-DCR-070682A.[1] In a Complaint that is dated April 1, 2019, Beach sues Fort Bend County, Judge Walter Aramatys, and Beach's ex-wife, Christine Nicole Beach.[2] Beach claims that Judge Aramatys violated his constitutional rights under the Sixth Amendment during a proceeding conducted in the 328th District Court of Fort Bend County, Texas, which resulted in a protective order being entered against him on February 4, 2019.[3] Beach claims that his ex-wife committed perjury on the witness stand in order to obtain a "99 year protective order" to prevent Beach from seeing his 3-year old son.[4]

Invoking 42 U.S.C. § 1983, Beach asks this court to overturn the protective order.[5] The court concludes, however, that this case must be dismissed because he cannot challenge the validity of

---

[1] See Texas Department of Criminal Justice, Offender Information, available at: https://www.offender.tdcj.texas.gov (last visited May 15, 2019).

[2] Complaint, Docket Entry No. 1, p. 3.

[3] See id. at 3, 4.

[4] See id. at 4.

[5] See id.

## II. Discussion

Beach asks this court to review and overturn a protective order entered against him by a state court. Challenges of to the validity of judgments entered in state court proceedings are barred by the Rooker-Feldman doctrine. See Rooker v. Fidelity Trust Co., 44 S. Ct. 149 (1923); D.C. Court of Appeals v. Feldman, 103 S. Ct. 1303 (1983). Under this doctrine, "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." Weekly v. Morrow, 204 F.3d 613, 615 (5th Cir. 2000) (internal quotations and footnotes omitted). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 125 S. Ct. 1517, 1521-22 (2005).

Beach's allegations explicitly attack the validity of the state court's judgment. Because Beach's claims are plainly barred from review in federal court, the Complaint will be dismissed as frivolous. See Kastner v. Texas Bd. of Law Examiners, 408 F. App'x 777, 779, 2010 WL 4347914 (5th Cir. 2010) (per curiam) (concluding that the district court was correct to dismiss a complaint barred by the Rooker/Feldman doctrine as frivolous); Gant v. Texas, 123 F. App'x 622, 2005 WL 419505 (5th Cir. 2005) (per curiam) (same).

## III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Prisoner's Civil Rights Complaint filed by Joseph Andrew Beach under 42 U.S.C. § 1983 (Docket Entry No. 1) is **DISMISSED with prejudice** as legally frivolous.

2. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff and to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas, on this the 16th day of May, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE